## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AQUAM USA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10480 (MFW) |
| In re:<br><br>NU FLOW AMERICA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10481 (MFW)<br><br>**Hearing Date: November 1, 2023 at 2:00 p.m. (ET)**<br>**Objection Deadline: October 25, 2023 at 4:00 p.m. (ET)** |

### MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT MEDIATION

Homes for Silver Spring, LLC ("Silver Spring"), by and through undersigned counsel and in accordance with 11 U.S.C. § 362(d) and Del. Bankr. L. R. 4001-1, hereby moves this Honorable Court for relief from the automatic stay imposed by Section 362 of the Bankruptcy Code in accordance with the proposed order attached hereto as **Exhibit A** in order to proceed only with mediation in its separate civil actions against the above-captioned debtors (the "Debtors"). In support of this motion, Silver Spring states as follows:

### MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM STAY

1.      Silver Spring is the Plaintiff in a civil action (the "Prepetition Action") styled *Homes for Silver Spring, LLC vs. Nu Flow America, Inc., Aquam USA, Inc., and Specialized Pipe Technologies*, Case No. 2020-cv-00982-PX, which is currently pending in the United States District Court for the District of Maryland (the "Maryland Court"). The Prepetition Action is a breach of contract and negligence action alleging breaches by Nu Flow America, Inc., Aquam USA, Inc., and Specialized Pipe Technologies (collectively, the "Defendants") of an agreement between Silver Spring and the Defendants. In Silver Spring's complaint (the "Complaint") filed on April 17, 2020, commencing the

Prepetition Action (which is attached hereto as **Exhibit B** and incorporated herein by reference), Silver Spring seeks compensatory damages plus interest, as well as attorneys' fees and costs (the "Claim").

2.      On April 18, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").  Relief was ordered unto the Debtors by the Bankruptcy Court, and therefore all activities of creditors seeking collection of unpaid debts or obligations were stayed by operation of 11 U.S.C. § 362.

3.      Silver Spring herein seeks to proceed with mediation (the "Mediation") with the Defendants and their applicable insurance carriers in the Prepetition Action.  To the extent Silver Spring successfully resolves its Claim at Mediation, it will waive its right to recover from the Debtors' estates.[1]

4.      Silver Spring seeks relief from the automatic stay "for cause" under § 362(d) to proceed with the Mediation.

5.      In light of the self-imposed limitation of Silver Spring's relief to the Mediation only, there is no risk of harm to the Debtors, their bankruptcy estates, or their creditors by granting relief from the stay and allowing Silver Spring to proceed with the Mediation.

6.      The legislative history of § 362 provides that "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."  *In re: Lamberjack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992) (citing Senate Report No., 989, 95th Cong., 2d Sess., 50).  Furthermore, when determining as to whether "cause" exists, most Courts "balance the hardship to the creditor,

---

[1] Silver Spring does not waive any right to recover from the bankruptcy estates in the event it is unable to resolve its Claim at Mediation.

IMPAC 11081616v.4

if they are not allowed to proceed with their lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groove Constr.*, LLC, 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008); *see also In re Downey Fin. Corp.,* 428 B.R. 595, 608-609 (Bankr. D. Del. 2010).. In carrying out this balancing test, bankruptcy courts have considered numerous factors, including:

a. whether relief would result in partial or complete resolution of the issues;

b. the lack of any connection with or interference with the bankruptcy case;

c. whether the other proceeding involves the debtor as a fiduciary;

d. whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

e. whether the debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

f. whether the action primarily involves third parties;

g. whether litigation in another forum would prejudice the interests of other creditors;

h. whether the judgment claim arising from the other action is subject to equitable subordination;

i. whether the movant's success in the other proceeding would result in a judicial lien available by the debtor;

j. the interests of judicial economy and the expeditious and economical resolution of the litigation;

k. whether the parties are ready for trial in the other proceeding;

l. the impact of the stay on the parties and the balance of harm.

*In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999).  In weighing these factors, bankruptcy courts only consider those factors that are relevant to the particular case at issue and do not assign equal weight to each factor.  *Id.*

7.      While it is clear that no harm will befall the Debtors, their bankruptcy estates, or their other creditors, as Silver Spring agrees to collect any award arising out of the Mediation **only** from applicable insurance, it is equally clear that Silver Spring will be prejudiced by delaying its claims in the Prepetition Action.    Therefore, it is appropriate to lift the stay under these specific circumstances.    As stated above, courts have considered many factors in carrying out the balancing test. The following are some of the factors that weigh in favor of granting Silver Spring stay relief:

**A.      LIFTING THE STAY TO ALLOW THE PREPETITION ACTION TO PROCEED WILL COMPLETELY RESOLVE THE ISSUES BETWEEN THE DEBTOR AND SILVER SPRING.**

8.      This Court can completely resolve the issues between the parties without prejudicing any other creditor or entity by lifting the automatic stay with respect to the Mediation.    The only issue that exists between Silver Spring and the Debtors is the underlying claims in the Prepetition Action.    If the Court lifts the stay and allows Silver Spring to proceed with the Mediation and the parties reach a settlement, the issues between Silver Spring and the Debtors will be over.

**B.      LIFTING THE STAY WILL NOT INTERFERE WITH THE BANKRUPTCY ESTATE.**

9.      The issue of whether the Prepetition Action is connected with or will interfere with the bankruptcy estate also supports lifting the stay.    Silver Spring seeks to liquidate its claim in the Maryland Court through the Mediation.    Moreover, Silver Spring is primarily negotiating with the Defendants' insurance carriers and seeking to recover from applicable insurance policies. "Numerous courts have permitted the stay to be lifted when the movant is simply seeking to establish the fact and amount of the debtor's liability and, as in this case, the movant has stipulated that any recovery will be sought from the debtor's insurer or a codefendant." *In re Peterson*, 116

4

B.R. 247, 250-51 (D. Colo. 1990). In such cases, "there can be no legitimate complaint that the estates will be dissipated by allowing the litigation to move forward." *In re 15375 Memorial Corp*., 382 B.R. 652, 689 (Bankr. D. Del. 2008).

## C.    THE DEBTORS HAVE AVAILABLE INSURANCE COVERAGE THROUGH ITS INSURANCE CARRIER.

10.    The next relevant factor satisfied here is that the Debtors have applicable liability insurance coverage for which an insurance carrier has assumed responsibility for defending the Prepetition Action. Thus, lifting the stay to allow the Mediation to proceed will not prejudice the Debtors.

## D.    LIFTING THE STAY WILL NOT PREJUDICE OTHER CREDITORS.

11.    Another factor that supports granting the motion to lift the stay is that the Prepetition Action will not prejudice the interests of other creditors. If successful at Mediation, Silver Spring agrees to collect any award related to the Prepetition Action **only** from the applicable insurance. Thus, the other creditors involved in the bankruptcy proceedings will not be harmed by the granting of this motion.

## E.    THE MEDIATION MAY EXPEDITIOUSLY RESOLVE THE PREPETITION ACTION.

12.    Judicial economy and whether the parties are ready for trial, also support lifting the stay. Prior to the stay of the Prepetition Action following the commencement of the Debtors bankruptcy cases, the parties had already completed their first negotiation session, which took place on January 25, 2023. As of the Petition Date, another continued session was scheduled for June 8, 2023. That session was adjourned as a result of the filing, but if the Court lifts the stay to

allow the Mediation to proceed, the parties will be prepared to immediately begin negotiations to resolve the Prepetition Action and remove the Prepetition Action from the dockets of both this Court and the Maryland Court.

**F.    CONTINUING THE AUTOMATIC STAY WILL IMPOSE SUBSTANTIAL HARDSHIPS ON SILVER SPRING THAT OUTWEIGH ANY HARDSHIPS ON THE DEBTORS.**

13.    Silver Spring will continue to be harmed by delaying the Mediation.  "The mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, their opportunity to litigate, or the fact that a debtor may be liable to the plaintiff in some amount." *In re Bock Laundry Machine Co.*, 37 B.R. 564, 566-67 (Bankr. N.D. Ohio 1984).  In fact, courts have found that making a plaintiff wait to prosecute a claim puts the plaintiff at a considerable disadvantage due to the preservation of evidence and loss of witnesses, as well as the length of time to receive a final award; therefore, courts typically lift the stay under § 362(d) and allow movants/plaintiffs to recover under any applicable insurance policy coverages. *Id.*

14.    Moreover, at the time of this filing, the Prepetition Action has been pending for over three years, and the Prepetition Action has been stayed by the Debtors' bankruptcy cases for five months.  Silver Spring would undoubtedly suffer undue hardship and prejudice by any further delay of its ability to pursue resolution of the breach of contract and negligence claims against the Debtors via the Mediation.

**<u>CONCLUSION</u>**

15.    The automatic stay was never intended to preclude a determination of breach of contract and tort liability and the attendant damages—it was merely intended to prevent a

6

prejudicial dissipation of a debtor's assets.  A lifting of the stay to allow a plaintiff to pursue recovery up to the limits of the Debtors' liability insurance coverage through mediation will not affect the Debtors' estate or their creditors.  In this respect, a relief from the stay will not violate the purpose for which it was imposed.  For all the reasons stated above, Silver Spring hereby respectfully requests that the Court grant this Motion and allow Silver Spring to proceed with the Mediation in the Prepetition Action against the Defendants.

WHEREFORE, Silver Spring hereby requests this Court enter an Order granting relief from the automatic stay imposed by 11 U.S.C. § 362 and permit Silver Spring to proceed with the Mediation in the Prepetition Action to pursue and collect the insurance coverage afforded to the Defendants, as applicable to the civil claims forming the basis of the Complaint.

Dated: October 18, 2023
    Wilmington, Delaware

Respectfully submitted,

*/s/ R. Stephen McNeill*
R. Stephen McNeill (No. 5210)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: rmcneill@potteranderson.com

*Counsel for Homes of Silver Spring, LLC*

IMPAC 11081616v.4